## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**                    **Case Number: 3:22-cr-80-BJD-PDB**

**vs**                                          **USM Number: 08741-510**

**MIKAH NATHANIEL STRICKLAND**                  **Maurice C. Grant, II , FPD**
                                                **200 W. Forsyth Street**
_____               **Ste 1240**
                                                **Jacksonville, FL 32202**

## JUDGMENT IN A CRIMINAL CASE
## For Revocation of Probation

The defendant admitted guilt to the allegation(s) charged in Paragraph(s) One, Two, Three, Four, and Five of the Petition. Accordingly, the Court has adjudicated that the defendant is guilty of these violation(s):

| Violation Charge Number | Nature of Violation | Violation Ended |
|---|---|---|
| One | Positive urinalysis for Methamphetamine | March 2023 |
| Two | Positive urinalysis for Methamphetamine | March 2023 |
| Three | Positive urinalysis for Methamphetamine | March 2023 |
| Four | Positive urinalysis for Methamphetamine | March 2023 |
| Five | Failure to make Restitution payments | April 2023 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: July 11, 2023

**BRIAN J. DAVIS**
**UNITED STATES DISTRICT JUDGE**
July _____, 2023

AO 245D (Rev. 09/19) Judgment in a Criminal Case for Revocations

Mikah Nathaniel Strickland
3:22-cr-80-BJD-PDB

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **NINE (9) MONTHS.**

The Court makes the following recommendations to the Bureau of Prisons:
- Incarceration at a facility closest to Live Oak, Florida.
- Defendant enroll in a residential substance abuse treatment program pursuant to 18 U.S.C. § 3621(e).

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy United States Marshal

Mikah Nathaniel Strickland
3:22-cr-80-BJD-PDB

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **TWO (2) YEARS.**

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of controlled substances. You must submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer. The Court orders the defendant to submit to random drug testing not to exceed two tests per week.
4.   You must cooperate in the collection of DNA as directed by the probation officer.
5.   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.
     You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Mikah Nathaniel Strickland
3:22-cr-80-BJD-PDB

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10    days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchucks or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____    Date:_____

Mikah Nathaniel Strickland
3:22-cr-80-BJD-PDB

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.    You shall participate in a substance abuse program (outpatient and/or inpatient), which may be the Sid Martin Bridge House at Meridian Behavioral Healthcare located in Gainesville, Florida, and follow the probation officer's instructions regarding the implementation of this court directive.  Further, you shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services.  During and upon the completion of this program, you are directed to submit to random drug testing.

2.    You shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3.    You shall submit to a search of your person, residence, place of business, any storage units under your control, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You shall inform any other residents that the premises may be subject to a search pursuant to this condition.  Failure to submit to a search may be grounds for revocation.

4.    You shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating yourself for any major purchases without approval of the probation officer.

5.    You shall provide the probation officer access to any requested financial information.

AO 245D (Rev. 09/19) Judgment in a Criminal Case for Revocations

Mikah Nathaniel Strickland
3:22-cr-80-BJD-PDB

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| | Assessment | Restitution | Fine | AVAA Assessment[1] | JVTA Assessment[2] |
|---|---|---|---|---|---|
| **TOTALS** | $0.00 | $26,725.02 | $0.00 | $0.00 | $0.00 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.  Restitution is payable to the Clerk, U.S. District Court for distribution to the victims.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee[3] | Total Loss[4] | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Verizon<br>Berkley Asset Protection<br>1250 E Diehl Road, Suite 200<br>Naperville, IL 60563 | $23,435.02 | $23,435.02 | |
| R. & G. T. | $25.00 | $25.00 | |
| B.A. | $20.00 | $20.00 | |
| W.B. | $15.00 | $15.00 | |
| M.W. | $150.00 | $150.00 | |

---

[1] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[2] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
[3] The names and addresses for individual victims are remaining confidential for privacy purposes. The names and payment addresses will be provided to the Court's Finance Department in Orlando.
[4] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245D (Rev. 09/19) Judgment in a Criminal Case for Revocations

Mikah Nathaniel Strickland
3:22-cr-80-BJD-PDB

| | | |
|---|---|---|
| S.F. | $50.00 | $50.00 |
| R.M. | $100.00 | $100.00 |
| P.B. | $20.00 | $20.00 |
| V.W. | $125.00 | $125.00 |
| L.P. | $25.00 | $25.00 |
| J.M. | $465.00 | $465.00 |
| C.K. | $75.00 | $75.00 |
| J. & B. L. | $20.00 | $20.00 |
| N.J. | $12.00 | $12.00 |
| L.H. | $20.00 | $20.00 |

Mikah Nathaniel Strickland
3:22-cr-80-BJD-PDB

| | | |
|---|---|---|
| L.M. | $100.00 | $100.00 |
| L.J. | $20.00 | $20.00 |
| F. & L. H. | $25.00 | $25.00 |
| C.C. | $10.00 | $10.00 |
| J.R. | $50.00 | $50.00 |
| A.D. | $25.00 | $25.00 |
| E. G. | $50.00 | $50.00 |
| J.R. | $20.00 | $20.00 |

Mikah Nathaniel Strickland
3:22-cr-80-BJD-PDB

| | | |
|---|---|---|
| B.M. | $600.00 | $600.00 |
| S.Y. | $25.00 | $25.00 |
| P.R. | $100.00 | $100.00 |
| G.L. | $60.00 | $60.00 |
| A. & D. L. | $3.00 | $3.00 |
| D.S. | $25.00 | $25.00 |
| D. & P. S. | $51.00 | $51.00 |
| E.B. | $25.00 | $25.00 |

Mikah Nathaniel Strickland
3:22-cr-80-BJD-PDB

| | | |
|---|---|---|
| C.B. | $150.00 | $150.00 |
| M.W. | $20.00 | $20.00 |
| P.C. | $84.00 | $84.00 |
| H.A. | $60.00 | $60.00 |
| J.T. | $200.00 | $200.00 |
| P. & R. C. | $20.00 | $20.00 |
| K.W. | $100.00 | $100.00 |
| S.T. | $20.00 | $20.00 |

AO 245D (Rev. 09/19) Judgment in a Criminal Case for Revocations

Mikah Nathaniel Strickland
3:22-cr-80-BJD-PDB

| | | |
|---|---|---|
| J.K. | $10.00 | $10.00 |
| J.M. | $100.00 | $100.00 |
| R.P. | $50.00 | $50.00 |
| A.H. | $30.00 | $30.00 |
| T.J. | $50.00 | $50.00 |
| R.S. | $25.00 | $25.00 |
| M.S. | $10.00 | $10.00 |
| J.H. | $50.00 | $50.00 |
| **Totals:** | **$26,725.02** | **$26,725.02** |

Mikah Nathaniel Strickland
3:22-cr-80-BJD-PDB

☒    The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☒    the interest requirement is waived for the restitution.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

You shall pay restitution in the amount of **$26,725.02**. This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victims. You shall begin making payments of $50.00 per month, and this payment schedule shall continue unless the victim, the government, or the defendant, notifies the Court of a material change in the defendant's ability to pay and the Court modifies the schedule.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs including cost of prosecution and court costs.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245D (Rev. 09/19) Judgment in a Criminal Case for Revocations